## Marshall Impeachment. No. 1

*Robert J. Lindsay, Jr.*, for petitioners.
*William A. Gray*, contra.

BROWN, JR., P. J., January 10, 1949.—This proceeding to remove W. Frank Marshall from the office of Receiver of Taxes of Philadelphia was instituted under Section 9 of Article IV of the Act of June 25, 1919, P. L. 581.

Complaint in writing was made to the court by twenty-two qualified electors of the city, and, there appearing in the judgment of the court to be "reasonable ground for such proceeding", the court directed "the complaint to be filed of record", and granted "a rule upon the accused, returnable on a day certain, to appear and answer the same", in accordance with section 9(b), 53 PS §3002. Respondent filed preliminary objections to the complaint on the grounds, inter alia, that the court did not have jurisdiction over the proceeding, and that the complaint was not sufficiently specific. The court dismissed the objections and directed respondent to file an answer. Upon appeal to the Supreme Court, this order was affirmed. After the record was remitted, the rule "to appear and answer"

previously allowed was again made "returnable on a day certain". Respondent filed his answer, and the return day of the rule has arrived.

Section 9(c), 53 PS §3003, provides: "If on the return day of the rule the court shall find sufficient cause for further proceedings, it shall appoint a committee of five competent and reputable citizens to investigate the charges contained in the complaint, who . . . shall have full authority . . . to examine the books of the office held by the accused and any papers, contracts, letters, or documents filed therein, and examine witnesses under oath or affirmation. . . ." Accordingly, it is necessary to decide whether there is "sufficient cause for further proceedings", that is, whether the termination of the proceeding at this stage is justified.

The importance of the Receiver of Taxes in the municipal body was pointed out in Stewart et al. v. Hadley, 327 Pa. 66, 73, wherein it was stated: "He is the heart of the body. He collects the money which is the life blood of the organism and passes it on to be circulated throughout the entire body without which it could not function. He collects not only city taxes, but also school taxes, county taxes, water rents and other moneys payable to the governmental subdivisions within the territorial limits of the city and county." The charges against respondent contained in the complaint are serious, being based, inter alia, upon mismanagement of that office and incompetency for the proper performance of such official duties (which are among the grounds specified in section 9(a) of the Act of 1919, supra, 53 PS §3001). While respondent's answer contains in detail denials of some, and qualified admissions of other, of the charges, it does not clearly establish that they are without foundation. Furthermore, matters alleged therein in explanation and justification of respondent's conduct of the office

involve other public officials and are far-reaching in effect upon the government of the city. It is apparent from the averments in the complaint and the answer that examination of the books and other records of respondent's office and of witnesses is necessary in order that the facts in dispute can be ascertained. As in all judicial proceeding, the questions of fact presented require proof for proper consideration and determination.

In cases where issues of fact are joined by an answer on the merits to a complaint in equity or in a civil action at law, or to a petition and rule to show cause, evidence is presented to the court in order that the factual matters in dispute may be considered and adjudicated by the court. But the procedure for ascertaining and determining facts in a proceeding for the removal of municipal officers from office provided by the Act of 1919, supra, differs from that in other suits. Under Section 9(c), "a committee of five competent and reputable citizens" appointed by the court is "to investigate the charges contained in [the] complaint", and "for that purpose, to examine the books [and other records] of the office held by the accused", and to "examine witnesses", and under section 9(d), 53 PS §3004, it is "the duty of the committee [after such investigation] to make a written report to the court of the facts found by it." Section 9(e), 53 PS §3005, provides: "If the committee, or any three members thereof, shall find that any charge made . . . is well founded, it shall in its report so state in specific form, and, in such case, the court shall cause a certified copy of the whole record . . . to be transmitted to the council, which shall be assembled . . . as a court of impeachment . . . to try and decide the same according to the evidence." Thus, in the first instance, a committee of five citizens appointed by the court, and not the court, is to hear evidence and find facts,

and then, if a majority of this committee finds that "any charge made" against the accused "is well founded", the issues of fact are tried and decided by city council as a court of impeachment. Consequently, the court is without power to hear evidence and to determine the facts preliminarily with respect to the charges against the accused; indeed, to do so would usurp the functions of the persons designated by law for such purpose.

A termination of the present proceeding summarily at this stage is not justified. The necessity for ascertaining the facts put in issue by respondent's answer to the complaint is adequate ground for the continuation of this proceeding.

For the foregoing reasons, the court finds sufficient cause for further proceedings.

## Order

And now, January 10, 1949, upon consideration of the above entitled matter, the court finds sufficient cause for further proceedings, and appoints a committee of five competent and reputable citizens, consisting of J. Wesley McWilliams, Chairman, William H. DuBarry, Carl W. Fenninger, Paul W. Knox, and Joseph R. Stulb, to investigate the charges contained in the complaint, with full authority, for that purpose, to examine the books of the office of Receiver of Taxes of Philadelphia, held by the respondent, and any papers, contracts, letters, or documents filed therein, and to examine witnesses under oath or affirmation, whose attendance the court will enforce, if necessary, by subpœna and attachment, and to make written report to the court of the facts found by it, which shall be filed of record, accompanied by the testimony taken, within three weeks next after its appointment, unless the time shall be extended by the court upon application of the committee; and if the committee,

or any three members thereof, shall find that any charge made in the complaint is well founded, it shall in its report so state in specific form and also attach to its report as part thereof the specifications of the charges thus found against the accused, and, in such case, the committee shall forthwith cause a copy of such specifications to be served on the accused, or left at his last place of residence, which service shall be at · least five days before the commencement of the trial before city council as a court of impeachment, and the prosecution of the accused before city council shall be conducted by the committee or by counsel appointed by it.